UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NBTY, INC., a Delaware corporation; NBTY ACQUISITION, LLC d/b/a LEINER HEALTH PRODUCTS, a Delaware limited liability company, and NBTY MANUFACTURING, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | Case No. CV 12-00872-JEM MEMORANDUM OPINION AND ORDER RE EXPERT TESTIMONY |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SOUTHWEST FOREST PRODUCTS, INC., an Arizona corporation; SOUTHWEST FOREST PRODUCTS TRANSPORTATION, INC., an Arizona corporation, and DOES 1-10, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

I.      INTRODUCTION

        Plaintiff NBTY, Inc. ("NBTY"), a Delaware corporation, filed this diversity of citizenship

action on January 31, 2012 against Defendant Southwest Forest Products, Inc. ("SFP").

The complaint (¶ 20) alleges that wooden pallets sold by SFP to NBTY for fence front

product displays at Costco were wet, causing mold to grow on the product displays.  NBTY

asserts claims for breach of contract, breach of the implied covenant of good faith and fair

dealing, breach of warranty of merchantability and breach of the warranty of fitness for a particular purpose.

On March 29, 2013, this Court entered a ruling denying SFP's Motion for Summary Judgment on all of Plaintiff's claims and granted partial summary judgment on NBTY's breach of contract claim to the extent SFP failed to deliver kiln-dried pallets as required by contract. The Court, however, denied partial summary judgment regarding the moisture/mold issue because of factual disputes that require witness credibility assessments.

A three day bench trial is set for October 29, 2013. The parties have requested a ruling on whether expert testimony is required to prove that the alleged mold-like substance on SFP's pallets spread to and was the proximate cause of the damage to the product displays. As NBTY does not intend to present expert testimony, a ruling that expert testimony is necessary would render a trial unnecessary.

After careful consideration, the Court concludes that there is no hard and fast rule that expert testimony is always necessary in mold cases. Rather, the need for expert testimony depends on the facts of each case. Where circumstantial evidence is sufficient to establish that mold was a substantial factor causing an alleged injury, expert testimony, while helpful, is not required. The Court, however, cannot make a determination yet whether NBTY's circumstantial evidence is sufficient to prove causation without expert testimony until it hears the conflicting evidence and makes appropriate credibility assessments.

## II.    RELEVANT LAW REGARDING EXPERT TESTIMONY AND CAUSATION

The parties agree that New York substantive law applies. Under New York law, whether a personal injury action is pleaded in strict products liability, breach of warranty or negligence, a plaintiff must prove that the defective product was a "substantial factor" in causing the injury. Beckford v. Pantresse, Inc., 858 N.Y.S. 2d 794, 795 (2008); Metropolitan New York Coordinating Council on Jewish Poverty v. FGP Bush Terminal, Inc., 768 N.Y.S. 2d 190, 191 (2003). SFP also relies on language in Beckford that Plaintiff must

1   demonstrate that the product is the sole possible cause of the injury, derived from Clarke v.

2   Helene Curtis, Inc., 742 N.Y.S. 2d 325, 326 (2002), which seems inconsistent with the

3   "substantial factor" test used for negligence and warranty claims.  Closer inspection of

4   Clarke, however, reveals that the sole cause element was for strict product liability claims:

5   "The cornerstone rule in products liability is that proof of mere injury furnishes no rational

6   basis for inferring that the product was defective for its intended use.  The plaintiff must

7   demonstrate at a minimum, that her injuries are the direct result of the [product] applied . . .

8   and that [the product is] the sole possible cause of those injuries."  Id. (emphasis added).

9   See also Bradley v. Earl B. Feiden, Inc., 8 N.Y. 3d 265, 273-74 (2007) (holding no

10  inconsistency in jury verdict rejecting strict products liability claim on whether refrigerator

11  timer caused a fire but finding circumstantial evidenced that fire originated in freezer

12  sufficient for breach of warranty claim, acknowledging Clarke case).

13          New York negligence cases cited by Plaintiff hold that circumstantial evidence is

14  sufficient to prove negligence where a plaintiff shows facts and conditions from which

15  negligence may be reasonably inferred.  Spett v. President Monroe Bldg & Mfg Co., 225

16  N.E. 2d 527, 528 (1967); Wragge v. Lizza Asphalt, 217 N.E. 2d 666, 670 (1966).  The law

17  does not require a plaintiff to positively exclude every other possible cause but the proof

18  must render those other possible causes sufficiently remote or technical to enable the jury

19  to reach its verdict based not on speculation but on the logical inferences to be drawn from

20  the evidence.  Johnson v. New York City Transit Authority, 513 N.Y.S. 2d 687, 689 (1987).

21  This is consistent with Michigan cases cited by SFP that, if there is a theory of causation

22  supported by the facts, there is a juridical basis for a determination of liability,

23  "notwithstanding the existence of other plausible theories with or without support in the

24  evidence."  Skinner v. Square D Co., 445 Mich 153, 164 (1994), citing Kaminski v. Grand

25  Trunk W.R. Co., 347 Mich 417, 422 (1956).  Plaintiff must present substantial evidence from

26  which a jury may conclude that, more likely than not, but for the defendant's conduct,

27  plaintiff's injuries would not have occurred.  Id. at 164-165.  Kaminski's formulation is in

28

1    keeping with the "substantial factor" test under New York law and is the legal standard the
2    Court adopts for this case.
3            The cases cited above, however, are negligence cases that focus on the distinction
4    between direct and circumstantial evidence, and do not mention expert testimony.  They are
5    cases that do not require scientific or technical knowledge and are within the ken of jurors.
6    SFP cites numerous "mold" cases where expert testimony was required.  Terry v. Caputo,
7    875 N.E. 2d 72, 79 (Ohio 2007); Qualls v. State Farm Lloyds, 226 F.R.D. 551, 555-559
8    (N.D. Tex. 2005); Clements v. State Farm Lloyds, 2006 WL 5157426*10 (S.D. Tex. 2006).
9    Indeed, a case referenced by NBTY in its summary judgment papers demonstrated well the
10   utility of expert testimony that mold formed and spread, contaminating products placed on
11   mold infested pallets.  Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, 845 F. Supp.
12   2d 1342 (N.D. Ga. 2011).  The lack of expert testimony in this case on whether the
13   substance on the pallets was mold and was the cause of the damage to the product
14   displays, together with the lack of any moisture testing and/or documentation of that testing,
15   significantly weakens NBTY's case.
16           NBTY, however, cites other mold cases that hold specialized training is not always
17   necessary to draw a reasonable inference that moisture resulted in mold.  Campbell v.
18   DiSabatino, 947 A.2d 1116, 1118 (Del. Supr. 2008); American Nat. Red Cross v. Vinton
19   Roofing Co., Inc., 697 F. Supp. 2d 71, 73 (D.D.C. 2010).  Some of SFP's cases, while
20   requiring expert testimony, make clear that expert testimony may not always be required in
21   mold cases.  Qualls, 226 F.R.D. at 559.  NBTY also cites cases that expert testimony is not
22   always required on causation in a warranty claim unless scientific or technical issues are
23   present.  See, e.g., Derienzo v. Trek Bicycle Corp., 376 F. Supp. 2d 537, 551, 570
24   (S.D.N.Y. 2005).
25           NBTY claims that, for every case SFP can cite requiring expert testimony, it can cite
26   "dozens" in which no expert testimony is required.  There is a reason for such apparent
27   inconsistency.  Whether circumstantial evidence is insufficient and expert testimony is
28

4

1  required depends on the facts and circumstances of each case.  There is no hard and fast
2  rule that expert testimony is always required in mold cases.
3       NBTY has no expert.  The pivotal issue, then, is whether NBTY's circumstantial
4  evidence is sufficient to prove that moisture-causing mold on SFP's pallets caused the
5  damage to the product displays, in the absence of expert testimony.  Without making any
6  findings (which would require credibility assessments), NBTY has testimony from Joe
7  McCarron and Sergio Rubalcava that SFP's pallets were not kiln-dried, were wet on delivery
8  and that there was a black furry substance on them that both men believed was mold.
9  McCarron's testimony is especially probative because he was an agent of SFP and his
10 statements are an admission, albeit non-binding, by SFP.  More problematic is whether the
11 mold spread to the product displays.  SFP in its Pretrial Statement, moreover, assets that
12 there were five separate pallet deliveries over several weeks with little or no evidence on
13 any but the initial delivery.
14      Recognizing the hill NBTY must climb on causation, the Court nonetheless is
15 reluctant at this point to say NBTY's circumstantial evidence is insufficient until it is
16 presented.  The Court reviewed again the summary judgment papers which did not focus
17 that much on the circumstantial evidence.  The deposition transcripts were limited to specific
18 passages.  The Court is unclear what the parties mean by their references to "corrugate."
19 NBTY may have more evidence than was submitted.  There are credibility assessments that
20 need to be made.  NBTY has had no opportunity to respond to SFP's assertions about the
21 evidentiary significance of the five separate shipments.  The Court, of necessity, must leave
22 to NBTY the decision to proceed further.
23      One other matter.  NBTY claims it need not prove that the substance on SFP's
24 pallets was mold.  The Court does not accept that premise.  The allegation in the Complaint
25 that the pallets were wet on delivery, causing mold to form and spread to the product
26 displays, is a plausible theory grounded in common human experience.  The assertion that
27 some unknown substance caused the damage is too weak and remote a theory to prove
28

causation.  The Court, then, holds NBTY to its proof on the allegations in the Complaint that moisture caused mold to form which spread to the product displays.

**IT IS SO ORDERED**


DATED: October 15, 2013                                    _/s/ John E. McDermott_
                                                            JOHN E. MCDERMOTT
                                                            UNITED STATES MAGISTRATE JUDGE